# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUY HOANG LE,<br><br>    Petitioner,<br><br>    v.<br><br>FIELD OFFICE DIRECTOR, SAN FRANCISCO FIELD OFFICE, et al.,<br><br>    Respondents. | Case No. 1:24-cv-01272-EPG-HC<br><br>ORDER GRANTING PETITIONER LEAVE TO FILE A MOTION TO AMEND THE PETITION AND NAME A PROPER RESPONDENT |

Petitioner Huy Hoang Le is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Northern District of California on August 30, 2024. (ECF No. 1.) On October 16, 2024, the United States District Court for the Northern District of California issued an order transferring the petition to this Court in light of the Ninth Circuit's recent decision in Doe v. Garland, 109 F.4th 1188 (9th Cir. 2024). (ECF No. 8.)

"[L]ongstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ." Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). In Doe, the Ninth Circuit "affirm[ed] the application of the immediate custodian and district of confinement rules to core habeas petitions filed pursuant to 28 U.S.C. § 2241, including those

1

filed by immigrant detainees." Doe, 109 F.4th at 1199. A petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of personal jurisdiction. Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However, a court should grant a petitioner "leave to amend his petition to correct this technical deficiency." Dubrin v. California, 720 F.3d 1095, 1100 (9th Cir. 2013).

Here, Petitioner is detained at the Mesa Verde Processing Center in Bakersfield, California. (ECF No. 1 at 2.[1]) The Ninth Circuit has held that "[u]nder Padilla, [Petitioner] must name his immediate custodian . . . as the respondent to his petition." Doe, 109 F.4th at 1197. Petitioner has not named the Facility Administrator of the Mesa Verde Processing Center as a respondent to his petition. The Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent. In the interests of judicial economy, Petitioner need not file an amended petition. Instead, Petitioner may file a motion entitled "Motion to Amend the Petition to Name a Proper Respondent" wherein Petitioner may name the proper respondent in this action.

Accordingly, IT IS HEREBY ORDERED that Petitioner is GRANTED **THIRTY (30) days** from the date of service of this order in which to file a motion to amend the petition to name a proper respondent. Petitioner is forewarned that failure to follow this order and amend the petition to state a proper respondent will result in a recommendation that the petition be dismissed for lack of jurisdiction.

IT IS SO ORDERED.

Dated:  **October 21, 2024**   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

---

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

2