# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUY HOANG LE,<br><br>    Petitioner,<br><br>    v.<br><br>MESA VERDE ICE PROCESSING CENTER FACILITY ADMINISTRATOR,<br><br>    Respondent. | Case No. 1:24-cv-01272-EPG-HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(ECF No. 22) |

Petitioner is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States magistrate judge. (ECF Nos. 5, 6, 14–16.) For the reasons stated herein, the Court grants Respondent's motion to dismiss and dismisses the petition for writ of habeas corpus as moot.

## I.

## BACKGROUND

Petitioner is a native and citizen of Vietnam. (ECF No. 1 at 3; ECF No. 22 at 1.[1]) In 2013, Petitioner was convicted of second-degree murder. After serving sixteen years in California state prison, Petitioner was released from state custody and in January 2024, Petitioner was detained by the Department of Homeland Security ("DHS")/U.S. Immigration and Customs Enforcement ("ICE). (ECF No. 1 at 3; ECF No. 22 at 1.) On February 20, 2024, an immigration judge ("IJ")

---

[1] Page numbers refer to ECF page numbers stamped at the top of the page.

1 ordered Petitioner's removal. (ECF No. 1 at 4; ECF No. 22-1 at 15–16.) Petitioner did not appeal
2 the IJ's decision. (ECF No. 1 at 4.)

3       On August 30, 2024, Petitioner filed the instant petition for writ of habeas corpus in the
4 United States District Court for the Northern District of California. (ECF No. 1.) On October 16,
5 2024, the United States District Court for the Northern District of California issued an order
6 transferring the petition to this Court in light of the Ninth Circuit's recent decision in <u>Doe v.</u>
7 <u>Garland</u>, 109 F.4th 1188 (9th Cir. 2024). (ECF No. 8.) In the petition, Petitioner challenges his
8 prolonged detention, asserting that it violates 8 U.S.C. § 1231(a)(6) as interpreted by the
9 Supreme Court in <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001). Petitioner requests immediate release
10 from custody. (ECF No. 1 at 5.)

11       On November 14, 2024, Petitioner was removed from the United States to Vietnam.
12 (ECF No. 22-1 at 3.) On February 5, 2025, Respondent filed a motion to dismiss the petition as
13 moot. (ECF No. 22.)

14 **II.**
15 **DISCUSSION**

16       The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies."
17 <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477 (1990). "This case-or-controversy
18 requirement subsists through all stages of federal judicial proceedings," which "means that,
19 throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury
20 traceable to the defendant and likely to be redressed by a favorable judicial decision.'" <u>Spencer</u>
21 <u>v. Kemna</u>, 523 U.S. 1, 7 (1998) (quoting <u>Lewis</u>, 494 U.S. at 477).

22       In the petition, Petitioner challenges his prolonged detention in ICE custody. (ECF No.
23 1.) On November 14, 2024, Petitioner was removed to Vietnam. (ECF No. 22-1 at 3.) Given that
24 Petitioner is no longer in ICE custody, the Court finds that no case or controversy exists and the
25 petition is moot. See <u>Abdala v. I.N.S.</u>, 488 F.3d 1061, 1065 (9th Cir. 2007) (finding habeas
26 petition challenging length of immigration detention moot because "there was no extant
27 controversy for the district court to act upon" when petitioner was subsequently deported,
28 "thereby curing his complaints about the length of his INS detention").

## III.
## ORDER

Accordingly, the Court HEREBY ORDERS:

1. Respondent's motion to dismiss (ECF No. 22) is GRANTED;
2. The petition for writ of habeas corpus is DISMISSED as MOOT; and
3. The Clerk of Court is DIRECTED to CLOSE the case.

IT IS SO ORDERED.

Dated:  **May 21, 2025**                    /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

3